UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
IGY OCEAN BAY PROPERTIES LIMITED
and ISLAND GLOBAL YACHTING LTD.        :

      Plaintiffs,        :

    -against-        :        Civil Action No. 07-10520

OCEAN BAY PROPERTIES I LIMITED,        :
OCEAN BY PROPERTIES II LIMITED,
BRITISH COLONIAL DEVELOPMENT        :
COMPANY LIMITED, PRK HOLDINGS
LTD., ADURION CAPITAL LIMITED        :
and GEORGE ALLEN,
                                         :
      Defendants.
_____X

**DECLARATION OF EUGENE FRASER REGARDING DEFENDANT
PRK HOLDINGS LTD.'S MOTION TO DISMISS THE COMPLAINT**

    Eugene Fraser, pursuant to 28 U.S.C. § 1746, declares under the penalties of perjury under the laws of the United States of America, that the following is true and correct:

    1.    I was President of PRK Holdings Ltd., a named Defendant in this action ("PRK"), in 2006 and 2007.

    2.    I have personal knowledge of the facts contained in this Declaration, and I submit this Declaration in support of PRK's motion to dismiss the Complaint as to the claims asserted against it, specifically the Fifth, Sixth and Seventh Causes of Action.

    3.    PRK is a limited liability company organized under the laws of the Commonwealth of the Bahamas, with its principal place of business in Nassau Bahamas, and its registered office at The Centre of Commerce, 1 Bay Street, Suite 400, Nassau, Bahamas.

    4.    Therefore, Paragraph 19 of the Complaint is incorrect as it alleges that PRK is a corporation organized under the laws of Canada.

5. When the Purchase Agreement was signed on or about November 7, 2005, PRK was the 100% shareholder of each of Ocean Bay Properties I Limited, Ocean Bay Properties II Limited, and British Colonial Development Company Limited, but it was not a party to the Purchase Agreement described in the Complaint.

6. As of December 22, 2006, PRK no longer owned any shares or had any other interest in any of the entities associated with the transaction at issue or parties to the Purchase Agreement.

7. PRK was never intended to be a party to the Shareholder's Agreement referenced in the Complaint.

8. PRK does not do or transact any business in the State of New York; in fact, any business that it has ever conducted was centered in Nassau, Bahamas.

8. PRK is not, and never has been, incorporated in the New York State, nor has it ever been authorized to do business in New York State.

9. PRK does not maintain, nor has it ever maintained, any offices in New York State, nor does it maintain a mailing address in New York State.

10. PRK does not have, nor has it ever had, any employees, personnel, agents or representatives located in New York State.

11. PRK does not have, nor has it ever had, a telephone or facsimile line or phone number in New York State.

12. PRK has never pursued and is not currently pursuing any contracts or business in New York State.

13. PRK does not transact any business within New York State, nor does it contract outside New York State to supply goods within New York State.

14. PRK does not own, lease or rent any real property in New York State.

15. PRK does not have any bank accounts or other assets located in New York State.

16. PRK does not have, nor has it ever had, any officer, director, employee or agent assigned to duty in New York State.

17. PRK does not derive any revenue from goods used or consumed or services rendered in New York State.

18. PRK does not incur or pay any taxes in New York State.

19. The allegations in the Complaint against PRK do not refer to any business conducted or transacted in New York State.

Wherefor, the Declarant respectfully requests that all claims alleged in the Complaint against PRK be dismissed.

_____
Eugene Fraser

Executed on the 21st of December 2007
in Guelph, ON, Canada