UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGY OCEAN BAY PROPERTIES LIMITED and ISLAND GLOBAL YACHTING LTD.<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN BAY PROPERTIES I LIMITED, OCEAN BAY PROPERTIES II LIMITED, BRITISH COLONIAL DEVELOPMENT COMPANY LIMITED, PRK HOLDINGS LTD., ADURION CAPITAL LIMITED and GEORGE ALLEN,<br><br>Defendants. | 07-CV-10520 (VM) |

**PLAINTIFFS IGY OCEAN BAY PROPERTIES LIMITED AND ISLAND GLOBAL YACHTING LTD.'S AMENDED MEMORANDUM OF LAW IN <u>SUPPORT OF THEIR MOTION TO REMAND</u>**

GREENBERG TRAURIG, LLP
Attorneys for Plaintiffs
200 Park Avenue
New York, New York
Telephone: (212) 801 9200
Fax: (212) 801 6400

Plaintiffs IGY Ocean Bay Properties Limited ("IGY") and Island Global Yachting Ltd. ("IGYL"), respectfully submit this memorandum of law in support of their motion, pursuant to 28 U.S.C. § 1447(c), to remand the above-styled action to the Supreme Court of the State of New York, County of New York, for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

This Court should remand this Action to New York State Supreme Court because there is a lack of complete diversity jurisdiction. Defendants removed this Action to this Court by Notice of Removal dated November 21, 2007 (the "Notice of Removal"). A copy of the Notice of Removal is annexed as Exhibit B to the accompanying Affirmation of Simon Miller, dated January 28, 2008. The Notice of Removal states that complete diversity of citizenship exists between the parties under the "dual citizenship" rule of 28 U.S.C. § 1332(c)(1), which provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Notice of Removal asserts that the parties are diverse because, in addition to being incorporated in the Bahamas and the Cayman Islands, respectively, IGY and IGYL are citizens of New York based on their respective principal places of business, and none of the Defendants, most of which are alien corporations, are New York citizens.[1] This argument, however, ignores Second Circuit precedents holding that diversity is destroyed by the presence of alien corporations on both sides of the dispute, regardless of their respective principal places of business. Since the Plaintiffs are alien corporations, and Defendants include alien corporations, complete diversity between the parties to this action does not exist, and this Court lacks subject matter jurisdiction over the matter.

---

[1] While neither IGY nor IGYL admit or acknowledge that New York is their principal place of business, Plaintiffs will assume such for the purposes of the analysis on this Motion.

1

Accordingly, this Action must be remanded to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Diversity must be "complete" and the presence of <u>any</u> non-diverse parties destroys diversity jurisdiction <u>regardless of the citizenship of other parties</u>. <u>Kunica v. St. Jean Financial, Inc.</u>, 63 F. Supp. 2d 342, 349 (S.D.N.Y. 1999) (citing <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381 (1998)) (emphasis added). Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Such corporations are therefore "dual citizens" for diversity purposes.

In this case, complete diversity jurisdiction does not exist. The law in the United States Court for the Second Circuit is clear that

> even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation.

<u>Universal Licensing Corp. v. Paola Del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002) (quotation marks and brackets omitted); <u>Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC</u>, 232 F.3d 79, 82 (2d Cir. 2000); <u>Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.</u>, 875 F.2d 388, 391 (2d Cir. 1989); <u>see also</u> <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir. 1980) (declining to reach the issue of whether 28 U.S.C. § 1332(c)

2

applies to alien corporations because "even assuming such dual citizenship, the fact that alien parties were present on both sides [of the dispute] would destroy complete diversity").

This rule has been repeatedly followed in the Courts of the Southern District of New York. <u>Theobald v. IFS Int'l Holdings, Inc.</u>, 443 F. Supp. 2d 556 (S.D.N.Y. 2006) (Marrero, J.); <u>Sty-Lite Co. v. Eminent Sportswear Inc.</u>, 115 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (holding that "[s]ince at least one plaintiff and at least one defendant are aliens, the court lacks subject matter jurisdiction because there is not complete diversity"); <u>see also</u> 15 Moore's Federal Practice - Civil § 102.55 (2007).

Indeed, this Court has applied precisely this rule to remand a recent case involving one of the Plaintiffs in this Action, IGYL. <u>Island Global Yachting, Ltd. v. Poole Capital, S.A.</u>, 438 F. Supp. 2d 310 (S.D.N.Y. 2006) (Marrero, J.). In <u>Island Global Yachting, Ltd.</u>, IGYL sued another alien corporation in New York State Supreme Court. The defendants removed the case to Federal court. 438 F. Supp. 2d at 310-11. In remanding that case pursuant to 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction, this Court held that "[t]he presence of aliens on two sides of a case destroys diversity jurisdiction," and that an alien corporation's domestic principal place of business "does not alter the corporation's status as an alien for diversity purposes." <u>Id.</u> (citing <u>Corporacion Venezolana</u>, 629 F.2d at 790; <u>Sty-Lite Co.</u>, 115 F. Supp. 2d at 398).

Defendants' argument appears to be that, for purposes of diversity jurisdiction, a so-called "dual citizen" under Section 1332(c)(1) can be deemed a citizen of <u>either</u> its state of incorporation <u>or</u> the state in which its principal place of business is located. Thus, Defendants argue, essentially, that this Court should only consider Plaintiffs' principal places of business and should disregard, for diversity purposes, the fact that they are also alien corporations having been

3

incorporated in the Bahamas and the Cayman Islands. To the contrary, however, "dual citizens" must be considered citizens of <u>both jurisdictions for diversity purposes either of which citizenship could destroy diversity jurisdiction.</u> See <u>Creaciones</u>, 232 F.3d at 82; <u>Sty-Lite Co.</u>, 115 F. Supp. 2d at 398-99.

Given that Defendants are composed of four Bahamian corporations, and one English corporation, (Notice of Removal at ¶¶ 11-15), there are aliens on both sides of the dispute <u>even if IGY and IGYL are also considered citizens of New York</u>. Complete diversity is therefore defeated by the presence of alien parties on both sides of the litigation. <u>Universal Licensing Corp.</u>, 293 F.3d at 581; <u>Creaciones</u>, 232 F.3d at 82; <u>Int'l Shipping Co.</u>, 875 F.2d at 391; <u>Sty-Lite Co.</u>, 115 F. Supp. 2d at 399.

Defendants' authorities do not demand a different result. Defendants cite <u>Phoenix Four, Inc. v. Strategic Resources Corp.</u>, 446 F. Supp. 2d 205, 213-14 (S.D.N.Y. 2006) for the proposition that the dual citizenship rule of 28 U.S.C. § 1332(c) requires IGY and IGYL to be deemed citizens of New York. (Defs. Notice of Removal ¶ 9). In <u>Phoenix Four</u>, however, alien parties were not present on both sides of the dispute. Indeed, the Court noted that, in the Second Circuit, "even if Section 1332(c) reached foreign corporations, diversity would still be defeated if another alien were an adverse party." <u>Id.</u> at 213 (citation and quotation marks omitted).[2]

<u>Bank of New York v. Bank of America</u>, 861 F. Supp. 225, 228 (S.D.N.Y. 1994), which explicitly declined to follow established Second Circuit precedent, and failed to cite a single Second Circuit case for the proposition that complete diversity exists even if alien parties are

---

[2] The <u>Phoenix Four, Inc.</u> Court's assertion that the Second Circuit has not "taken a position" on the application of the dual citizenship rule to alien corporations, and that <u>Universal Licensing Corp.</u> "refrain[ed] from expressing any opinion on the application of Section 1332(c) [to alien corporations]," <u>id.</u> at 213, appears to be incorrect. The <u>Universal Licensing Corp.</u> court clearly stated that "[e]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation." 293 F.3d at 581 (citations and quotation marks omitted).

4

present on both sides of the litigation, appears to be against the vast weight of contrary controlling authority.

In sum, following the rule announced by the Second Circuit in Corporacion Venezolana and followed by Universal Licensing Corp., Creaciones, and Int'l Shipping Co., there is no basis for diversity jurisdiction under § 1332(a) in this case because there are alien corporations on both sides of the dispute. Even if IGY and IGYL have principal places of business in New York, they are also alien corporations. Since there are alien corporations among the Defendants, complete diversity of citizenship under § 1332(a)(1) does not exist and, accordingly, subject matter jurisdiction does not exist.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Since there is no diversity between the parties under § 1332, the action must be remanded to the Supreme Court of the State of New York, County of New York.

## CONCLUSION

For the foregoing reasons, Plaintiffs IGY Ocean Bay Properties Limited and Island Global Yachting Ltd. respectfully request that the Court grant their motion to remand pursuant to 28 U.S.C. § 1447(c).

Dated: New York, New York
January 28, 2008

GREENBERG TRAURIG, LLP

By: _____
Simon Miller
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Plaintiffs*

5