UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IGY OCEAN BAY PROPERTIES LIMITED and     :
ISLAND GLOBAL YACHTING LTD.                :
                                                       :
                    Plaintiffs             :
                                                         :
                  -against-            :
                                                         :       07-CV-10520 (VM)
OCEAN BAY PROPERTIES I LIMITED,        :
OCEAN BAY PROPERTIES II LIMITED,       :
BRITISH COLONIAL DEVELOPMENT COMPANY   :
LIMITED, PRK HOLDINGS LTD., ADURION      :
CAPITAL LIMITED and GEORGE ALLEN,      :
                                                       :
                    Defendants        :
------------------------------------------------------------------------x


**OCEAN BAY PROPERTIES I LIMITED, OCEAN BAY PROPERTIES II LIMITED,
BRITISH COLONIAL DEVELOPMENT COMPANY, PRK HOLDINGS LTD.,
ADURION CAPITAL LIMITED AND GEORGE ALLEN'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**


Bruce S. Meyer (BM-3506)
Ryan P. Poscablo (RP-8496)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

John T. Morin (JM-0390)
Jennifer L. Marlborough (JM-4303)
Wormser, Kiely, Galef & Jacobs LLP
825 Third Avenue
New York, NY 10022
(212) 687-4900

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL BACKGROUND...........................................................................................2

LEGAL STANDARD.....................................................................................................2

ARGUMENT .................................................................................................................3

     I.   IGY and IGYL have "Dual" Citizenship and are Citizens of Both New York,
        and the Bahamas and the Cayman Islands, Respectively .......................................3

     II.   Plaintiffs "Dual" Citizenship Does Not Destroy Diversity...................................4

     III.  The General Proposition That Aliens on Both Sides of A Dispute Destroys
        Diversity Is Inapplicable to Cases Premised Under 28 U.S.C. § 1332(a)(3)..........8

CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                    **Page(s)**

Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,
    10 F.3d 425 (7th Cir. 1993) ........................................................................................6, 9

Bank of N.Y. v. Bank of Am.,
    861 F. Supp. 225 (S.D.N.Y. 1994) ............................................................ *passim*

Chappelle v. Beacon Commc'ns Corp.,
    863 F. Supp. 179 (S.D.N.Y. 1994) ............................................................................8

Corporacion Venezolana de Fomento v. Vintero Sales Corp., .
    629 F.2d 786 (2d Cir. 1980)...............................................................................5, 6, 7

Creaciones Con Idea, S.A. De C.V. v. Mashreqbank PSC,
    232 F.3d 79 (2d Cir. 2000)...................................................................................4, 9

Dresser Indus., Inc. v. Underwriters at Lloyd's of London,
    106 F.3d 494 (3d Cir. 1997)...............................................................................3, 4, 9

Fischer v. Zespri Fresh Produce North America, Inc.,
    2007 WL 2385074 (E.D. Cal. Aug. 17, 2007) ........................................................9

Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.,
    875 F.2d 388 (2d Cir. 1989)..............................................................................5, 6, 7

Island Global Yachting, Ltd. v. Poole Capital, S.A.,
    438 F. Supp. 2d 310 (S.D.N.Y. 2006)...................................................................7, 8

Kunica v. St. Jean Financial, Inc.,
    63 F. Supp. 2d 342 (S.D.N.Y. 1999)........................................................................5

Leland v. De Havilland Aircraft Co. of Can., Ltd.,
    987 F.2d 771 (5th Cir. 1993) ...............................................................................6, 9

Phoenix Four, Inc., v. Strategic Resources Corp.,
    446 F. Supp. 2d 205 (S.D.N.Y. 2006)...................................................................2, 3

Scotts Co. v. Rhone-Poulenc S.A.,
    347 F. Supp. 2d 543 (S.D. Ohio 2004) ....................................................................9

Sty-Lite Co. v. Eminent Sportswear, Inc.,
    115 F. Supp. 2d 394 (S.D.N.Y. 2000)......................................................................5

Tango Music, LLC v. Dead Quick Music, Inc.,
    348 F.3d 244 (7th Cir. 2003) ................................................................................3, 9

Theobald v. IFS Int'l Holdings, Inc.,
    443 F. Supp. 2d 556 (S.D.N.Y. 2006)........................................................................7

Transure, Inc. v. Marsh & McLennan, Inc.,
    766 F.2d 1297 (9th Cir. 1985) ...................................................................................9

Universal Licensing Corp. v. Paola Del Lungo S.P.A.,
    293 F.3d 579 (2d Cir. 2002)..................................................................................4, 9

Wolde-Meskel v. Vocational Instruction Project,
    166 F.3d 59 (2d Cir. 1999)........................................................................................8

**STATUTES**
28 U.S.C. § 1332(a)(2) ......................................................................................................6, 9

28 U.S.C. § 1332(a)(3)..................................................................................... *passim*

28 U.S.C. § 1332(c)(1)........................................................................................................4

**RULES**

Fed. R. Civ. P. 12(b)(2)......................................................................................................1

iii

Defendants Ocean Bay Properties I Limited ("OBI"), Ocean Bay Properties II Limited ("OBII"), British Colonial Development Company Limited ("BCDC"), PRK Holdings Ltd. ("PRK"), Adurion Capital Limited ("Adurion") and George Allen ("Allen" and collectively with OBI, OBII, BCDC, PRK and Adurion, "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion to Remand.

## PRELIMINARY STATEMENT

This Court should deny Plaintiffs' motion to remand this action back to New York State Supreme Court because complete diversity exists among the parties as required under 28 U.S.C. § 1332(a)(3). The fatal flaw in Plaintiffs' Amended Memorandum of Law in Support of their Motion to Remand ("Plaintiffs' Brief") is that it fails to mention or acknowledge the presence of individual defendant George Allen, a U.S. citizen and resident of Florida.[1] Mr. Allen's inclusion in this lawsuit is crucial to the issue of subject matter jurisdiction, as his presence makes this a dispute not just between "alien" corporations (i.e., those incorporated or organized outside of the United States), but rather a dispute by corporations with "dual" citizenship – in New York and elsewhere – against a Florida citizen and "alien" entities. Where there are "citizens" on either side of a litigation, and where diversity is complete between these citizens, subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(3), notwithstanding the presence of foreign entity defendants in the dispute. This Court, therefore, has original jurisdiction over this matter and Plaintiffs' Motion to Remand should be denied.

---

[1] See Declaration of George Allen, attached as Exhibit G to the Declaration of John T. Morin submitted in support of Defendants Adurion, Allen and PRK's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (hereinafter, the "Morin Decl.").

## FACTUAL BACKGROUND

Plaintiffs' Complaint explicitly alleges the citizenship and residence of each of the parties in this dispute.  Plaintiffs allege that IGY is a corporation organized under the laws of the Commonwealth of the Bahamas with its principal place of business at 717 Fifth Avenue, New York, New York.  See Compl. ¶ 14.  Further, they allege that IGYL is a corporation organized under the laws of the Cayman Islands with its principal place of business at 717 Fifth Avenue, New York, New York.  See Compl. ¶ 15.  Plaintiffs further allege that Defendant George Allen, an individual, is a United States citizen, residing in the state of Florida, while Defendants OBI, OBII and BCDC are correctly alleged to be corporations organized under the laws of the Commonwealth of the Bahamas with principal places of business in Nassau, Bahamas.  See Compl. ¶¶ 16-18, 21.  Plaintiffs incorrectly allege that Defendant PRK is a Canadian company.  See Compl. ¶ 19.  Rather, PRK is a limited liability company organized under the laws of the Commonwealth of the Bahamas with its principal place of business in Nassau, Bahamas.  See Decl. of Eugene Fraser, attached as Ex. E to the Morin Decl.  Lastly, Defendant Adurion is a limited liability company organized under the laws of England and Wales with its principal place of business in London, England.  See Decl. of Jürg Gassmann, attached as Ex. F to the Morin Decl.

## LEGAL STANDARD

Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(3) where the matter in controversy exceeds the sum or value of $75,000, and where the dispute is "between citizens of different States and in which citizens or subjects of a foreign state are additional parties."  A foreign corporation with a principal place of business in the United States (as is the case with both Plaintiffs) is considered to have dual citizenship for purposes of determining diversity.  See Phoenix Four, Inc., v. Strategic Resources Corp., 446 F. Supp.2d 205, 214 (S.D.N.Y. 2006).

2

Thus, Plaintiffs are New York citizens for the purposes of § 1332(a)(3).  Even when foreign

entity "aliens" are parties in the dispute (as is the case with five of the six Defendants),

jurisdiction is proper under 28 U.S.C. § 1332(a)(3) as long as the "citizens" on both sides of the

dispute (Plaintiffs and Defendant Allen) are diverse.  See Dresser Indus., Inc. v. Underwriters at

Lloyd's of London, 106 F.3d 494, 496-500 (3d Cir. 1997); Bank of N.Y. v. Bank of Am., 861 F.

Supp. 225, 228-29 (S.D.N.Y. 1994).  Further, complete diversity among the "alien" entities is not

necessary in determining the Court's original jurisdiction; in other words, the "aliens" need not

be from different nations for the Court to have diversity jurisdiction over them.  See Bank of

N.Y., 861 F. Supp. at 229; see Tango Music, LLC v. Dead Quick Music, Inc., 348 F.3d 244, 245

(7th Cir. 2003).

## ARGUMENT

I.      *IGY and IGYL have "Dual" Citizenship and are Citizens of Both New York, and the Bahamas and the Cayman Islands, Respectively*

For purposes of determining diversity, plaintiff IGY, a Bahamian corporation with its

principal place of business in New York City, is considered a citizen of both New York and the

Bahamas.[2]  See Phoenix Four, Inc., 446 F. Supp.2d at 214 (company incorporated in the

Bahamas with its principal place of business in New York would be a citizen of New York as

well as a citizen of the Bahamas).  Similarly, plaintiff IGYL, a Cayman Island corporation with

its principal place of business in New York City, is considered a citizen of both New York and

the Cayman Islands.[3]  Id.

---

[2] Plaintiffs' assertion in the Plaintiffs' Brief (at page 1, note 1) that "neither IGY nor IGYL admit or acknowledge that New York is the principal place of business" is contradicted by the allegations in their Complaint, which explicitly states that both IGY and IGYL have a principal place of business at 717 Fifth Avenue, New York, New York.  See Compl. at ¶¶ 14-15.

[3] As Plaintiffs acknowledge, "dual citizens" must be considered citizens of both jurisdictions for diversity purposes.  See Plaintiffs' Amended Memorandum of Law at 2.

3

**II.**     *Plaintiffs "Dual" Citizenship Does Not Destroy Diversity*

Diversity jurisdiction exists because Plaintiffs are not "citizens" of any of the same states as any of the Defendants.  Plaintiffs are "citizens" of New York under 28 U.S.C. § 1332(c)(1), while defendant Allen, a U.S. citizen and resident of Florida, is a "citizen" of Florida. Defendants OBI, OBII, BCDC, PRK and Adurion are foreign "alien" entities.  Diversity jurisdiction is, therefore, properly premised on 28 U.S.C. § 1332(a)(3), as this is a dispute between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."[4]

Diversity jurisdiction is not destroyed because Plaintiffs, in addition to being "citizens" of New York state, are also "citizens" of foreign states.  Although Plaintiffs claim that diversity jurisdiction is defeated when "aliens" are present on both sides of the dispute, that is not the case where, as here, citizens of different U.S. states are on both sides of the case.

Given the foregoing jurisdictional predicates, it is not surprising that Plaintiffs' motion lacks statutory and decisional support.  In fact, all of the cases cited by Plaintiffs in purported support of its claim are readily distinguishable.  In Universal Licensing Corp. v. Paola Del Lungo S.P.A., 293 F.3d 579 (2d Cir. 2002), for example, none of the parties were "citizens" of any of the United States, either by their place of incorporation or by their principal place of business.[5] In Creaciones Con Idea, S.A. De C.V. v. Mashreqbank PSC, 232 F.3d 79 (2d Cir. 2000),

---

[4] As the Third Circuit held in Dresser Indus., Inc., "[t]he use of the term "additional" does not reference the level of involvement of the parties or the interests at stake.  Rather, it merely indicates that the jurisdictional hook upon which the case hangs is the existence of a legitimate controversy between diverse citizens, and unless that requirement is satisfied, jurisdiction will not exist."  Id. 106 F.3d 494 at 500.  In the present case, there is no question that the dispute between Plaintiffs and Allen is legitimate and not merely "window dressing."  Id.; Bank of N.Y., 861 F. Supp. at 228.

[5] Plaintiff was incorporated in Korea, while the named defendants were an Italian individual and an Italian corporation.  293 F.3d at 580-581.

plaintiffs did not have citizenship in the United States and the defendant had only "alien" citizenship.[6]  Similarly, in Kunica v. St. Jean Financial, Inc., 63 F. Supp.2d 342 (S.D.N.Y. 1999), plaintiff was not a citizen of any of the United States and only had "alien" citizenship, while the defendants consisted of another "alien" entity and a Delaware corporation, respectively.[7]  The same jurisdictional posture exists in Sty-Lite Co. v. Eminent Sportswear, Inc., 115 F. Supp.2d 394 (S.D.N.Y. 2000), where the plaintiffs were both foreign incorporated "alien" entities with no citizenship in New York or any other U.S. state, and where defendants included New York citizens and "alien" defendants.[8]  None of the above-mentioned cases, therefore, fall under 28 U.S.C. § 1332(a)(3), as they were not disputes between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

Similarly, in both Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388 (2d Cir. 1989) and Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786 (2d Cir. 1980), plaintiffs were incorporated in a foreign jurisdiction, did not have principal places of business in the United States and were citizens only of that foreign jurisdiction, whereas defendants were a mixture of citizens and aliens.  These cases also failed to fall under the jurisdictional requirements of 28 U.S.C. § 1332(a)(3).

---

[6] Plaintiffs were organized under the laws of Mexico, while defendants, which the Court held to be one legal entity, were incorporated under the laws of the United Arab Emirates.  232 F.3d at 81-82.

[7] Plaintiff was a Canadian resident, while defendant St. Jean was a Delaware corporation with principal places of business in New York and London and defendant Rogers was a resident of London, England.  63 F. Supp. 2d at 345.

[8] Plaintiffs Sty-Lite Company and Eurotex were citizens of Hong Kong and Saipan, respectively, while defendant Eminent Sportswear and Christina Sportswear Ltd. were New York corporations.  Defendant HSBC is licensed in Hong Kong and has its principal place of business also in Hong Kong.  115 F. Supp. 2d at 397.

5

That diversity is lacking in a dispute involving aliens and citizens on one side and <u>only</u> aliens on the other is not controversial.  In fact, it is dictated by the statutory framework outlining diversity jurisdiction.  The fact that there is a citizen on only one side of the action takes such a dispute out of the § 1332(a)(3) framework because it is not a dispute <u>between</u> citizens of different states.  These cases, therefore, can only be found diverse if they fall within the ambit of § 1332(a)(2), which permits a suit between a citizen on one side and an alien on the other.  However, "(a)(2)when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners."  <u>Allendale Mut. Ins. Co.</u> v. <u>Bull Data Sys., Inc.</u>, 10 F.3d 425, 428 (7th Cir. 1993) (noting that cases denying jurisdiction because of the presence of foreign parties on both sides of the dispute "are ones in which one side of the litigation had *only* foreign parties and the other had a mixture of foreign an domestic parties, so that the case did not fit any of the possibly applicable jurisdictional pigeonholes") (emphasis in original); <u>see</u> <u>Bank of N.Y.</u>, 861 F. Supp. at 228 n.4 (<u>quoting</u> <u>Allendale Mut. Ins. Co.</u> for the same proposition); <u>see</u> <u>also</u> <u>Leland</u> v. <u>De Havilland Aircraft Co. of Can., Ltd.</u>, 987 F.2d 771 (5th Cir. 1993) ("Appellants assert that because there are aliens on both sides of the case diversity cannot exist.  This may be true for the purposes of 28 U.S.C. § 1332(a)(2), however it is not true as regards § 1332(a)(3).").

Indeed, this very point was recognized by the District Court in <u>Bank of N.Y.</u>, citing both <u>Int'l Shipping</u> and <u>Corporacion Venezolana</u>, when it noted that:

> [a] number of cases in this circuit state that the presence of aliens
> on both sides of a dispute defeats diversity jurisdiction.  However,
> in all of these cases, there were no citizens on the plaintiff's side of
> the caption.  The cases, therefore, are most appropriately read as
> standing for the proposition that the diversity jurisdiction does not
> encompass cases between foreigners on one side and foreigners
> and citizens on the other.

<u>Bank of N.Y.</u>, 861 F. Supp at 228 n.4.

As discussed above, since IGY and IGYL have "dual" citizenship, they are also citizens of New York, and on the other side of the caption, the defendants are a citizen of Florida and alien entities from various foreign nations.

Plaintiffs also cite Theobald v. IFS Int'l Holdings, Inc., where this Court held that "the presence of aliens on two side of a case destroys federal diversity jurisdiction." Theobald, 443 F. Supp.2d 556, 557 (S.D.N.Y. 2006). In its decision, the Court noted, however, that "both Theobald and defendant Sonic . . . are aliens." Id. In other words, neither party was alleged to have been incorporated in the United States. The Court stated in dicta that "[e]ven if there were an allegation that such a corporation does business in New York that circumstance would not alter the corporation's status as an alien for diversity purposes." Id. However, whether a corporation is "doing business" in a state is irrelevant for diversity jurisdiction purposes. Instead, under 28 U.S.C. § 1332(c)(1), an entity is a citizen of the state in which it has its principal place of business. Moreover, the Theobald Court's dicta relied on and cited to Corporacion Venezolana and International Shipping which, as noted above, have different jurisdictional facts than the case currently pending.

Further, this Court's decision in Island Global Yachting, Ltd. v. Poole Capital, S.A., also fails to support Plaintiffs' argument. 438 F.Supp.2d 310 (S.D.N.Y. 2006). First, the only "citizenship" asserted in that case was that of Island Global Yachting, Ltd., which it had by virtue of having its principal place of business in New York. Importantly, none of the defendants in that case were alleged to have citizenship either in New York or in any of the United States.[9]

_____

[9] IGYL was a citizen of both the Cayman Islands and New York. See Island Global Yachting, Ltd., 1:06-CV-04244, Notice of Removal ¶ 9. Defendant Poole Capital was a citizen of the British Virgin Islands. See id. ¶ 5. Individual defendants Andrew J. Baker and Peter Doran were citizens of Great Britain while Brian R.M. Pearce was a citizen of Liechtenstein. See id. ¶¶ 6, 7, 8.

In the case currently before this Court, however, there are "citizens" on both sides of the dispute

as George Allen is a "citizen" of Florida while Plaintiffs are "citizens" of New York.[10]

Furthermore, Plaintiffs' Brief inaccurately describes this Court's reasoning in that case; on page

3 of Plaintiffs' Brief, discussing Island Global Yachting, Plaintiffs state that the Court held that

"an alien corporation's domestic principal place of business 'does not alter the corporation's

status as an alien for diversity purposes.'"  However, the Court actually stated that "the

allegation that such a corporation does business in New York" does not alter its status as an

alien.  See Island Global Yachting 438 F.Supp.2d at 311 (emphasis added).  As mentioned

above, the standard for diversity jurisdiction purposes is "principal place of business" and not

where the corporation "does business."

 In sum, as the case law cited by Plaintiffs is inapposite to the factual circumstances of the

present case, Plaintiffs have failed to provide statutory or decisional law to support their motion.

**III.** ***The General Proposition That Aliens on Both Sides of A Dispute Destroys Diversity Is Inapplicable to Cases Premised Under 28 U.S.C. § 1332(a)(3)***

 The proposition cited by the Plaintiffs that "the presence of aliens on two sides of a case

destroys diversity jurisdiction"[11] also does not apply in the present circumstance because

Defendants removed this action pursuant to 28 U.S.C. § 1332(a)(3).  Most of the cases cited by

Plaintiffs in support of this proposition are unspecific about whether diversity jurisdiction was

---

[10] If Allen's motion to dismiss is granted and he is dismissed from this case, this Court still has subject matter jurisdiction over this matter under 28 USC 1332(a)(3).  This is because diversity is determined by evaluating the parties that were in the lawsuit at the time the action was commenced.  See, e.g., Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999) ("Federal diversity jurisdiction is not lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset."); Chappelle v. Beacon Commc'ns Corp., 863 F. Supp. 179, 181-82 (S.D.N.Y. 1994) (for purposes of determining diversity, "the key moment is the time at which the action was commenced.").

[11] Plaintiffs' Brief at 3.

premised under § 1332(a)(2) or (a)(3).[12]  Other jurisdictions that have dealt with this issue,

however, have held that diversity is not destroyed when aliens are on both sides of the litigation

for cases premised under 28 U.S.C. § 1332(a)(3), although diversity may be destroyed for cases

premised under 28 U.S.C. § 1332(a)(2).  See Leland, 987 F.2d 771 (5th Circuit); Transure, Inc.

v. Marsh & McLennan, Inc., 766 F.2d 1297, 1298-99 (9th Cir. 1985) (holding that the presence

of alien corporations on both sides of the controversy did not defeat diversity jurisdiction where

there were citizens on both sides of the dispute and where the citizens were diverse); Dresser

Indus., Inc., 106 F.3d at 498-99 (3d Circuit) (noting that "while a conclusion that the presence of

aliens on both sides of the controversy defeats jurisdiction may be sound under section

1332(a)(2) …, such a conclusion is inconsistent with the plain language of section 1332(a)(3),"

and that "when citizens of states are on both sides of the litigation and are completely diverse,

the presence of aliens on one or both sides of the controversy fits section 1332(a)(3) to a t.")

(citing Allendale Mut. Ins. Co., 10 F.3d at 428); see also, Tango Music, 348 F.3d at 245 (7th

Circuit).[13]

---

[12] Most of the cases discuss 28 U.S.C. § 1332(a) generally, while Creaciones, after applying the general proposition discussed above, holds that "[d]iversity jurisdiction is lacking under § 1332(a)(2) as construed by this Court because corporations incorporated outside the United States are present on both sides of the dispute." Creaciones, 232 F.3d at 82.  The court in Universal Licensing Corp., on the other hand, only states that "diversity is lacking within the meaning of [§1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp., 293 F.3d at 581. (emphasis added).

[13] Additionally, case law overwhelmingly supports the proposition that "the fact that aliens on opposite sides of a case hail from the same country has no bearing on the existence of diversity" under § 1332 (a)(3).  Bank of N.Y., 861 F. Supp at 229; see Tango Music, 348 F.3d at 245 (string-citing cases and finding that the majority of courts to consider the issue have held that it does not make a difference "if there are foreigners from the same country on both sides" of a dispute); Fischer v. Zespri Fresh Produce N. Am., Inc., No. 1:07-cv-00610 LJO-NEW (WMW), 2007 WL 2385074 at *7-8 (E.D. Cal. Aug. 17, 2007); Scotts Co. v. Rhone-Poulenc S.A., 347 F. Supp.2d 543, 545 (S.D. Ohio 2004).  Thus, diversity jurisdiction under § 1332(a)(3) is proper, notwithstanding that there are Bahamian citizens on each side of the dispute.

Indeed, in this jurisdiction, as well as in virtually every other jurisdiction that has considered the issue, it has been held that "jurisdiction exists under § 1332(a)(3) so long as there is complete diversity <u>among the citizen parties</u>."  <u>Bank of N.Y.</u>, 861 F. Supp. at 228 (emphasis added).  When diverse "citizens" are present on both sides of the litigation, therefore, diversity jurisdiction is proper under § 1332(a)(3), even where alien entities are present on both sides of the litigation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Motion to Remand should be denied.

Dated: New York, New York
      February 6, 2008               Respectfully submitted,

                                */s/  Bruce S. Meyer*
                                Bruce S. Meyer (BM-3506)
                                Ryan P. Poscablo (RP-8496)
                                Weil, Gotshal & Manges LLP
                                767 Fifth Avenue
                                New York, NY 10153
                                (212) 310-8000

                                John T. Morin (JM-0390)
                                Jennifer L. Marlborough (JM-4303)
                                Wormser, Kiely, Galef & Jacobs LLP
                                825 Third Avenue
                                New York, NY 10022
                                (212) 687-4900

                                *Attorneys for Defendants*

10