```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────
IGY OCEAN BAY PROPERTIES, LTD. and
ISLAND GLOBAL YACHTING LTD.,

                    Plaintiffs,                07 Civ. 10520 (VM)

        — against —                            DECISION AND ORDER

OCEAN BAY PROPERTIES I LTD., et. al.,

                    Defendants.
────────────────────────────────
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-20-08

**VICTOR MARRERO, United States District Judge.**

Plaintiffs IGY Ocean Bay Properties, Ltd. ("IGY") and Island Global Yachting Ltd. ("IGYL") (collectively, the "Plaintiffs") commenced an action in the Supreme Court of the State of New York, New York County (the "State Court"), against Ocean Bay Properties I Ltd., Ocean Bay Properties II Ltd., British Colonial Development Company Ltd., PRK Holdings Ltd., Adurion Capital Ltd., and George Allen (collectively, the "Defendants"). Thereafter, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. In response, Plaintiffs filed the instant motion seeking to remand the action to the State Court. For the reasons stated below, Plaintiffs' motion to remand is GRANTED.

I.  BACKGROUND[1]

On October 5, 2007, Plaintiffs commenced the instant action against Defendants in State Court. On November 21, 2007, Defendants filed a notice to remove the case to this Court, based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) ("§ 1332(a)(3)"). IGY is a corporation incorporated in the Bahamas with its principal place of business in New York.[2] IGLY is a corporation incorporated in the Cayman Islands with its principal place of business also in New York. Defendants are all alien corporations, with the exception of George Allen, who is a citizen of Florida. On January 28, 2008, Plaintiffs moved to remand the case to State Court, arguing that diversity jurisdiction does not exist under these circumstances. Defendants argue that because they are comprised of a Florida citizen and alien corporations, and Plaintiffs have dual citizenship but both are citizens of New York, diversity jurisdiction exists pursuant to § 1332(a)(3). On Defendants' theory, for diversity purposes, Plaintiffs are both New York corporations and foreign "additional parties"

---

[1] The factual recitation and contentions set forth below are drawn from Plaintiffs' Memorandum of Law in Support of Their Motion to Remand, dated January 28, 2008, and from Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, dated February 8, 2008.

[2] Plaintiffs state in their motion that they do not concede New York as their principal place of business. At oral arguments held on February 8, 2008, Defendants stated that Plaintiffs had not previously disputed this fact. The issue has no impact on the Court's decision, and therefore, will not be addressed.

under § 1332(a)(3). Plaintiffs, on the other hand, contend that, in fact, they are alien corporations for the purposes of the diversity statute, and that since some of the Defendants are also foreign corporations, no diversity jurisdiction exists because there are aliens on both sides of the dispute. The Court agrees with Plaintiffs and finds that there is no diversity between the parties, and therefore, the motion to remand is GRANTED.

## II. **DISCUSSION**

One of the marvels of the common law is how often it disproves the old adage that there is nothing new under the sun. For courts, it is a constant source of wonder, and perhaps the most challenging aspect of the judicial function, that even after many generations of litigation and precedents probing seemingly every combination of parties and permutations and nuances of facts that creative legal minds can muster, occasions still emerge raising so-called matters of first impression. These unresolved questions leave some judges puzzling as to how it is possible that a particular dispute regarding laws and legal principles that have existed and have been argued about for literally hundreds of years, has never previously occurred with quite the same alignment of parties or array of issues. The diversity jurisdiction statute, which has been on this country's books since the

Judiciary Act of 1789, presents a case in point. Since its enactment, the provision has engendered controversies, judicial interpretations, and final judgments in cases probably numbering tens of thousands. And yet, as this case illustrates, subtleties continue to arise that do not square precisely within the four corners of closely-related issues already litigated and decided many times before. And such is the dispute now before the Court.

A.   LEGAL STANDARD

Diversity exists pursuant to 28 U.S.C. § 1332(a)(2) ("§ 1332(a)(2)") when an action is between "citizens of a State and citizens or subjects of a foreign state," or pursuant to § 1332(a)(3) when the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." However, diversity does not exist within the meaning of these sections where on both sides of the dispute the parties are all foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002) (citing Romero v. International Terminal Operating Co., 358 U.S. 354, 381, (1959) (dictum) and Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016, 1017 (2d Cir. 1971) (per curiam)). For diversity purposes, a corporation is

deemed to be a citizen both of the state in which it has its principal place of business[3] and of any state (domestic or foreign) in which it is incorporated. See 28 U.S.C. § 1332(c)(1). "[I]t is well established that the party seeking to invoke [diversity] jurisdiction . . . bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001).

B.   APPLICATION

In the instant case, the issue as presented by the parties is whether the Plaintiffs, as dual citizens, should be considered aliens, in which case, diversity does not exist under § 1332(a)(2), or whether they should be considered citizens of New York, in which case, diversity would exist under § 1332(a)(3). The question of diversity jurisdiction for corporations with dual citizenship is not an either/or proposition in which the parties on either side of the dispute (or the Court for that matter) are given a choice to decide which citizenship applies in any particular case and thus to determine the existence of diversity jurisdiction based on

---

[3] Courts have generally held that a domestically incorporated corporation is not a dual citizen under § 1332(c) if its principal place of business is abroad. See Lebanese Am. Univ. v. National Evangelical Synod of Syria and Lebanon, No. 04 Civ. 5434, 2005 WL 39917 at *4-5 (S.D.N.Y. Jan. 6, 2005); Willems v. Barclays Bank D.C.O., 263 F.Supp. 744, 775 (S.D.N.Y. 1966); see also Torres v. Southern Peru Copper Corp., 113 F.3d 540, 543-44 (5th Cir. 1997); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

that one citizenship. Rather, for this Court to exercise jurisdiction over a matter, the diversity test must be satisfied under both citizenships. While the parties have cited no cases decided in this Circuit presenting this exact permutation of citizenships, and the Court has found none, the treatment of analogous cases and the policies underlying diversity jurisdiction warrant a remand of this litigation to State court.

In Universal Licensing, the Second Circuit considered whether it had diversity jurisdiction to hear a claim by a Korean corporation claiming New Jersey citizenship under 1332(c) against an Italian corporation, and declared that

> for purposes of §§ 1332(a)(2) and (3), even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation.

293 F.3d at 581. Subsequent cases have limited the application of Universal Licensing to litigation in which one side consists of solely of aliens, as opposed to citizens and aliens on both sides, in order to avoid any inconsistency with § 1332(a)(3). See, e.g., Chadwick v. TKO Records, 2004 WL 885820 at *1 (S.D.N.Y. 2004).

Defendants contend that Plaintiffs, as dual citizens, should be considered "additional parties" under § 1332(a)(3), and that diversity would exist because on Defendants' side one

-6-

party is a citizen and the others are aliens. This argument misreads the reference to "additional parties" in § 1332(a)(3). That provision on its face applies when the dispute involves citizens of different domestic states on opposite sides, along with foreign citizens on either side as "additional parties." For Defendants' theory to prevail, however, Plaintiffs would have to be considered not only as "additional parties," but also as citizens of a domestic state as well. The argument thus reduces to an internal contradiction, insofar as it suggests that Plaintiffs be treated as aliens to satisfy one element of § 1332(a)(3)'s diversity requirement, but then as domestic citizens to meet the other part of that provision's jurisdictional test.

In this Court's reading of § 1332(a)(3), Plaintiffs are neither just domestic citizens, nor just "additional parties." Rather, they are dual citizens, and diversity jurisdiction must be determined by looking at both of their citizenships. If diversity fails under either of the parties' citizenships, then diversity fails overall. See Phoenix Four, Inc. v. Strategic Resource Corp., 446 F. Supp. 2d 205 (S.D.N.Y. 2006) (finding no diversity jurisdiction where a company with both foreign and New York citizenship sued a New York citizen); Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 990-91 (9th Cir. 1994) (applying this step

by step analysis to deny diversity jurisdiction to a corporate dual citizen).  There is no warrant for the Court, no more than there is for either side of the parties, to pick and choose and to look solely at the principal place of business or solely at the state of incorporation to determine that diversity exists.  See Grunblatt v. UnumProvident Corp., 270 F. Supp. 2d 347, 351 (E.D.N.Y. 2003) ("[T]he principal place of business prong does not replace the citizenship of the state of incorporation; it merely adds another state of citizenship - either of which could destroy diversity.")

In enacting the "principal place of business" clause of § 1332(c), Congress "intended to limit the diversity jurisdiction of the federal courts."  Petroleum & Energy Intelligence Weekly, Inc. v. Liscom, 762 F. Supp. 530, 534 (S.D.N.Y. 1989).  Additionally, the existence of subject matter jurisdiction does not and should not depend on the whims of either of the parties.  Allowing parties with dual citizenship to unilaterally choose which citizenship to rely upon for any given litigation would greatly increase uncertainty regarding subject matter jurisdiction, would expand rather than narrow the diversity jurisdiction of the federal courts, as almost every major corporation operating in the United States can claim dual citizenship, and would encourage forum-shopping.  A reading of § 1332(c) that would

produce these consequences would be unacceptable and contrary to the purpose of the provision. Therefore, with guidance from similar cases, the logical and unambiguous application of the statute that yields certainty, is to examine diversity using each citizenship, and, if diversity fails the test on either citizenship, to find that there is no jurisdiction.

Using this methodology, when Plaintiffs are considered foreign corporations, the circumstances are exactly analogous to <u>Universal Licencing</u> in that Plaintiffs' side of the case becomes all alien, while Defendants comprise both a citizen and aliens. Therefore, complete diversity no longer exists.

Accordingly, Plaintiffs' motion to remand is GRANTED.

### III.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 24) of plaintiffs IGY Ocean Bay Properties, Ltd. and Island Global Yachting Ltd. to remand this action to the Supreme Court of the State of New York, New York County, is GRANTED.

The Clerk of Court is directed to withdraw any pending motions and close this case.

**SO ORDERED.**

Dated:   NEW YORK, NEW YORK
         15 February 2008

_____
Victor Marrero
U.S.D.J.